UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

     Plaintiff,

v.

COLIN WILLIAMS, *et al.*,

     Defendants.

Case No. 3:22-cv-1349-BJD-LLL

## PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE AND FOR LEAVE TO CONDUCT EARLY DISCOVERY TO EFFECTUATE SERVICE

Pursuant to Rules 4(m) and 26(d), Plaintiff Genard Denez Chesnut respectfully requests (a) additional time to effectuate service on Defendants Robert Brown and Roseanna Singletary and (b) leave to conduct early discovery on nonparties Florida Department of Corrections (FDC) and Centurion of Florida, LLC (Centurion)—their employers or former employers—to obtain information to determine their whereabouts. In support, Plaintiff states:

### I.     BACKGROUND

On December 7, 2022, Plaintiff, a state prisoner then incarcerated at Florida State Prison (FSP), sued several correctional officers and medical staff alleging violations of his constitutional rights starting on or about December 7, 2018. (*See, generally* Doc. 1). The four-year statute of limitations for Plaintiff's claims expired on

December 8, 2022. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 1990); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

Plaintiff has served all but two defendants, and the time for service will expire on March 7, 2023. *See* Fed. R. Civ. P. 4(m). The first unserved defendant, Robert Brown, is an individual previously employed by FDC as a correctional officer at FSP. Plaintiff has attempted to serve Brown at FSP but was informed he no longer works at FDC and has not obtained an address to serve him or any further identifying information to run a skip trace. Brown has a very common name and without specific biodata, skip tracing resources are unavailing. The second unserved defendant, Roseanna Singletary, was a Licensed Practical Nurse working at FSP through Centurion's health services contract with FDC. Plaintiff also attempted to serve Singletary at FSP but was informed she no longer works at that institution. Plaintiff has sought her location through Florida Department of Health medical licensing records and other resources and has not obtained an address to serve her or any further identifying information to run a skip trace.

Plaintiff seeks an additional ninety (90) days to effectuate service on Defendants Robert Brown and Roseanna Singletary. Plaintiff additionally seeks expedited discovery to serve subpoenas to FDC and Centurion obtain information which may aid in attempting to locate their current addresses, work sites, or locations.

## II.    MEMORANDUM OF LAW

Plaintiff seeks to extend the deadline to serve Defendants Robert Brown and

Roseanna Singletary by ninety (90) days to ascertain so that he may continue to

ascertain their whereabouts. To do so, Plaintiff requests limited early discovery to

assist him in this endeavor.

### a.    Plaintiff has good cause to request a 90-day extension to serve Defendants Robert Brown and Roseanna Singletary

Normally, Rule 4(m) necessitates service of a summons and complaint to all

defendants within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m).

Failure to comply with Rule 4(m) can lead to dismissal of a case or party without

prejudice.

To avoid dismissal, a plaintiff may request an extension of time for service

upon a showing of good cause. *See id.* "Rule 4(m) grants discretion to the district

court to extend the time for service of process even in the absence of a showing of

good cause," however. V*illaflor v. Ultimate Med. Acad., LLC*, Case No: 8:16-cv-1486-T-

23JSS, at *5 (M.D. Fla. Oct. 7, 2016) (quoting *Horenkamp v. Van Winkle And Co.*, 402

F.3d 1129, 1132 (11th Cir. 2005)). An extension of time for service may be justified

"for example, if the applicable statute of limitations would bar the refiled action, or if

the defendant is evading service or conceals a defect in attempted service."

Fed.R.Civ.P. 4(m) advisory committee's note 1993 Amendments; *Horenkamp v. Van

Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005). Additionally, in the context of

an incarcerated litigant, "prisoner-litigants who provide enough information to

identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010); *see also Jackson v. Gonzalez*, No. 19-CV-61410-ALTMAN, at *8 (S.D. Fla. Sep. 1, 2020) (good cause to deny a motion to dismiss based on Rule 4(m); *see also Allen v. Carey*, 626 F. App'x 852 (11th Cir. 2015) (vacating dismissal of prisoner suit on Rule 4(m) grounds).

Here, Plaintiff has demonstrated good cause for a 90-day extension to serve Defendants Robert Brown and Roseanna Singletary. While the complaint was timely filed within the statute of limitations, the claims against these two defendants would be barred by the statute of limitations if the complaint were to be dismissed against them under Rule 4. Plaintiff has identified the names of the individual defendants, Robert Brown and Roseanna Singletary, but has not been able to ascertain where they are located or how to serve the complaint upon them despite his efforts because he does not have any further information—such as addresses, former addresses, birth date, etc., to assist in performing a skip trace or review of public records. It is customary that correctional staff and employers do not readily share home addresses, or current information about themselves or their employees with inmates. *See Richardson*, 598 F.3d at 739 (quoting *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). Unlike the other defendants who remain employed at FSP or FDC, Brown is, upon information and belief, no longer a correctional officer or FDC employee, and Singletary may remain employed with Centurion at a different

facility. Plaintiff is justified in seeking a 90-day extension to further endeavor to locate these two defendants.

### b. Plaintiff should be granted leave for expedited discovery in order to effectuate service upon Robert Brown and Roseanna Singletary

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Courts wield broad discretion in issuing discovery orders under Rule 26(d). *See Almeida v. Amazon Corp.*, 456 F.3d 1316, 1327 n.6 (11th Cir. 2006); *Perez v. Miami-Dade County*, 297 F.4d 1255, 1263 (11th Cir. 2002). When dealing with requests to seek discovery before a Rule 26(f) conference, courts "generally consider whether a plaintiff has shown 'good cause' for the early discovery." *Nu–Image, Inc. v. Does*, 1–3, 932, No. 2:11–cv–545–FtM–29SPC, 2012 WL 1623862, at *2 (M.D. Fla. May 9, 2012) (citation omitted).

Plaintiff has exhausted his ability to locate Defendants Robert Brown and Roseanna Singletary without leave to seek information from their employers to obtain more identifying information. Plaintiff only knows the names of these defendants but not their location, former addresses, or any other identifying information, which could be used to help locate them. Through limited discovery, specifically the issuance of Rule 45 subpoenas to Centurion and FDC, Plaintiff believes he will be able to obtain sufficient information to effectuate service on these defendants.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests (1) a 90-days extension to effectuate service on Defendants Robert Brown and Roseanna Singletary and (2) leave under Rule 26(d) to serve Rule 45 subpoenas to the Florida Department of Corrections and Centurion of Florida, LLC to obtain identifying information to help locate these defendants.

Dated: March 2, 2023.

Respectfully submitted,

LAW OFFICE OF JAMES COOK

By: */s/ James V. Cook*
        James V. Cook (FBN 0966843)
        314 W. Jefferson Street
        Tallahassee, Florida 32301
        Tel. (850) 222-8080
        Fax (850) 561-0836
        cookjv@gmail.com

                -and-

SLATER LEGAL PLLC

By: */s/ James M. Slater*
        James M. Slater (FBN 111779)
        113 S. Monroe Street
        Tallahassee, Florida 32302
        Tel: (305) 523-9023
        james@slater.legal

        *Attorneys for Plaintiff*

## LOCAL RULE 3.01(g) CERTIFICATION

No counsel has appeared on behalf of any of the served defendants at this time. To the extent any appear prior to the adjudication of this motion, counsel will file an updated certificate of service identifying defense counsel's position on this motion.

By: */s/ James M. Slater*
James M. Slater