UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

    Plaintiff,

v.

COLIN WILLIAMS, *et al.*,

    Defendants.

Case No. 3:22-cv-1349-BJD-LLL

### PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE AS TO DEFENDANT STEVEN LOLA

On March 2, 2023, Plaintiff filed a motion asking the Court to extend the time to serve Defendants Robert Brown and Roseanna Singletary and to permit limited discovery to assist in obtaining their whereabouts. (Doc. 6). In the motion, Plaintiff stated that Brown and Singletary were the only non-served defendants. Upon receiving further information from Plaintiff's process server, Plaintiff has learned that Defendant Steven Lola was also not served within the 90-day period despite several attempts to serve him at his place of employment. Plaintiff attempted to serve Lola after requesting that his counsel in a parallel proceeding—*Chestnut v. Atteberry*, No. 3:22-cv-721-MMH-PDB (M.D. Fla.)—waive service, which counsel stated she was not authorized to do so. Pursuant to Rule 4(m) Plaintiff Genard Denez Chestnut respectfully requests an additional 90 days to serve Lola. In support, Plaintiff states:

I.     BACKGROUND

On December 7, 2022, Plaintiff, a state prisoner then incarcerated at Florida State Prison (FSP), sued several correctional officers and medical staff alleging violations of his constitutional rights starting on or about December 7, 2018. (*See, generally* Doc. 1). The four-year statute of limitations for Plaintiff's claims expired on December 8, 2022. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 1990); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

The time for service in this case expired on March 7, 2023. *See* Fed. R. Civ. P. 4(m). Plaintiff previously moved for leave to serve two defendants whose whereabouts are unknown. (Doc. 6). That motion remains pending.

Plaintiff seeks an additional ninety (90) days to effectuate service on Defendant Steven Lola. Plaintiff learned on February 16, 2023 that counsel for Lola in *Chestnut v. Atteberry* was not authorized to waive service on his behalf after a request was made by Plaintiff's counsel. Since that time, Plaintiff attempted to serve Lola at Florida State Prison on February 21, but was told Lola worked at Baker Correctional Institution. On March 2, Plaintiff attempted to serve Lola at Baker C.I. but was told by the warden that he actually worked at Baker Re-Entry Center. On March 8, Plaintiff attempted to serve Lola at Baker Re-Entry and was told that Lola was not on duty but was given his schedule to attempt to continue efforts to serve him later this week.

## II.   MEMORANDUM OF LAW

Normally, Rule 4(m) necessitates service of a summons and complaint to all defendants within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). Failure to comply with Rule 4(m) can lead to dismissal of a case or party without prejudice.

To avoid dismissal, a plaintiff may request an extension of time for service upon a showing of good cause. *See id.* "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause," however. V*illaflor v. Ultimate Med. Acad., LLC*, Case No: 8:16-cv-1486-T-23JSS, at *5 (M.D. Fla. Oct. 7, 2016) (quoting *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)). An extension of time for service may be justified "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note 1993 Amendments; *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005). Additionally, in the context of an incarcerated litigant, "prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010); *see also Jackson v. Gonzalez*, No. 19-CV-61410-ALTMAN, at *8 (S.D. Fla. Sep. 1, 2020) (good cause to deny a motion to dismiss based on Rule 4(m); *see also Allen v. Carey*, 626 F.

3

App'x 852 (11th Cir. 2015) (vacating dismissal of prisoner suit on Rule 4(m) grounds).

Here, Plaintiff has demonstrated good cause for a 90-day extension to serve Defendant Steven Lola. While the complaint was timely filed within the statute of limitations, the claims against Lola would be barred by the statute of limitations if the complaint were to be dismissed against him under Rule 4. Further, to "promote efficiency," *Martinez v. Prime Hotels USA, LLC*, No. 10-23909-CIV, 2011 WL 13319147, at *2 (S.D. Fla. Jan. 28, 2011), Plaintiff first sought to ask opposing counsel in another matter involving Plaintiff and Lola involving claims at Florida State Prison whether she would waive service on his behalf. After Lola's counsel acknowledged that she was not authorized to accept service, Plaintiff began diligent efforts to serve Lola at several correctional institutions throughout Florida. Plaintiff anticipates that Lola will be served promptly, now that he has located his current whereabouts, but in an abundance of caution, requests an additional 90 days given that the statute of limitations would bar a claim if the case against Lola was dismissed.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests a 90-day extension to effectuate service on Defendant Steven Lola.

Dated: March 9, 2023.

        Respectfully submitted,

        LAW OFFICE OF JAMES COOK

        By: */s/ James V. Cook*
            James V. Cook (FBN 0966843)
            314 W. Jefferson Street
            Tallahassee, Florida 32301
            Tel. (850) 222-8080
            Fax (850) 561-0836
            cookjv@gmail.com

        SLATER LEGAL PLLC

        By: */s/ James M. Slater*
            James M. Slater (FBN 111779)
            113 S. Monroe Street
            Tallahassee, Florida 32302
            Tel: (305) 523-9023
            james@slater.legal

        *Attorneys for Plaintiff*

## LOCAL RULE 3.01(g) CERTIFICATION

No counsel has appeared on behalf of any of the served defendants at this time. To the extent any appear prior to the adjudication of this motion, counsel will file an updated certificate of service identifying defense counsel's position on this motion.

        By: */s/ James Slater*
            James Slater