UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**GENARD DENEZ CHESTNUT,**

    **Plaintiff,**

v.                                  Case 3:22-CV-1349-BJD-LL

**COLIN WILLIAMS, ROBERT BROWN,
STEVEN LOLA, ROBERT ATTEBERRY,
ROSEANNA SINGLETARY,
KATHERINE BURGIN, individually,**

    **Defendants,**

_____/

## DEFENDANTS' MOTION TO STRIKE

Defendants COLIN WILLIAMS, STEVEN LOLA and ROBERT ATTEBERRY, by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), hereby move to strike the immaterial, impertinent and scandalous matters in the Complaint, in support thereof state the following:

The underlying case arises from one (1) alleged use of force against Plaintiff on December 7, 2018, while he was an inmate in the custody of the Florida Department of Corrections.

In his complaint, filed December 7, 2022, Plaintiff alleges that each of the named Defendants directly participated in or failed to intervene in the alleged use of

1

force. Plaintiff has not named the Florida Department of Corrections (DOC) as a defendant to this lawsuit.

Defendants move to strike paragraphs 13-17 and 20-21 of Plaintiff's Complaint.

Plaintiff has another case pending in the Middle District, filed on June 28, 2022. *Chestnut v. Atteberry, et al, Case 3:22-cv-00721-MMH-PDB* (*Chestnut I*). On November 7, 2022, Defendants in that case filed a Motion to Strike portions of the Complaint, including paragraphs that are identical to those at issue in this case. *Chestnut I,* Doc. 19. Following the Motion to Strike, Plaintiff filed an Amended Complaint on November 23, 2022. *Id.*, at Doc. 29.

Plaintiff's allegations regarding the "Culture of Violence at Florida State Prison" are a series of immaterial, impertinent, scandalous, and unsupported allegations regarding general practices at the Florida Department of Corrections and Florida State Prison that do not include a single reference to Plaintiff or any of the named Defendants. (¶¶13-17, 20-21).

The paragraphs that Defendants seek to strike have no relation to the facts or parties in this case and have no purpose other than to confuse the issues while inflaming and prejudicing the trier of fact against the Defendants.

I.      **Paragraph 13**

Paragraph 13 of the instant complaint asserts that "the Department, and particularly Florida State Prison, also undermine the free speech and due process of many inmates, particularly Black inmates, who are threatened and physically harmed for complaining about officer misconduct."

This is an unsupported factual allegation that is also immaterial to the instant case, as neither DOC nor the warden at Florida State Prison are defendants in this matter. It should be stricken from the Complaint.[1]

II.     **Paragraph 14**

Paragraph 14 of the instant complaint asserts that "Florida State Prison (FSP) permits officers and medical staff to deny due process and necessary care by fabricating 'refusals' of participation in due process hearings and medical and mental health diagnosis and treatment." This "factual allegation" is immaterial, impertinent, unsupported and included to prejudice Defendants. The Complaint is void of any allegation that the Defendants personally fabricated a refusal by Plaintiff to participate in either a due process hearing or any medical or mental health diagnosis or treatment.

---

[1] In *Chestnut I*, Plaintiff's Complaint contained an identical allegation of fact. *Chestnut I*, ECF No. 1, ¶15. In response to the Defendants' Motion to Strike, Plaintiff's counsel amended that paragraph of the complaint by adding language about solitary confinement disproportionately affecting Black prisoners and referenced a newspaper article in support thereof. *Id.*, at ECF No. 29, ¶¶14-15.

3

Plaintiff's original Complaint in *Chestnut I* included a paragraph identical to Paragraph 14 of the instant case. *Chestnut I*, ECF No. 1, ¶16. In response to the Defendants' Motion to Strike in that case, Plaintiff's counsel amended the paragraph to read "At FSP, where Plaintiff was located, the warden and managing staff permit officers and medical staff to deny due process and necessary care . . ." in an attempt to hold individuals accountable for the alleged practices at the institution. *Id.*, ECF No. 29, at ¶16.

However, after conceding that this allegation merited amendment, Plaintiff's counsel filed the Complaint in the instant case using the same deficient language.

### III.   Paragraph 15

Paragraph 15 asserts that "the isolation of Confinement and Close Management at FSP also gives free rein to white supremacists and sadistic and predatory guards who torment prisoners through sexual humiliation, denial of food, false charges and fictitious excuses for uses of force, exposure to cold, to chemical agents and 'strip cell.'"

Plaintiff does not allege evidence in his Complaint that the named Defendants are white supremacists, that they exposed Plaintiff to cold, chemical agents, strip

4

cell, or sexual humiliation.[2] These statements are purposely and needlessly inflammatory.

## IV.     Paragraph 16

Paragraph 16 in the instant complaint asserts, "Inmates in confinement are frequently denied showers and recreation, phone calls, visits, education, based on fabricated charges. Searches are often opportunities to destroy property including family pictures and legal work. Mail, including legal mail and grievances are tampered with and intercepted. Incompatible inmates are often housed together and forced to fight each other for entertainment." Again, Plaintiff's does not allege any such conduct of the Defendants in the instant case. Permitting Plaintiff to proceed with these allegations can only serve to confuse the issue and improperly prejudice the trier of fact against Defendants.

## V.     Paragraph 17

Paragraph 17 of the instant complaint asserts that "As the numbers of prisoners in Florida decline, the number of prisoners who die in prison, often under

---

[2] This is another identical allegation contained in Plaintiff's Complaint in *Chestnut I*. ECF No. 1 at ¶17. In response to the motion to strike filed by the *Chestnut I* defendants, Plaintiff amended the paragraph to include other correctional institutions and referenced an article from PBS NEWS HOUR. *Id.*, at ECF No. 29, ¶17. The article relied upon by Plaintiff focuses on an inmate death at Jackson Correctional Institution and undated allegations and/or claims from throughout Florida for an unspecified period of time. The article does not mention to the conditions or practices at Florida State Prison, and it certainly does not mention any of the individuals named as Defendants in *Chestnut I* or this case.

questionable circumstances, increase. In 2020, around 590 prisoners died – about twice as many as five years earlier."

Plaintiff removed this paragraph from his Amended Complaint in *Chestnut I* in response to the motion to strike. It is an improper attempt to introduce irrelevant and baseless statistics about the purported number of deaths that have occurred throughout all of DOC's facilities. Yet again, Plaintiff's counsel filed the instant complaint including the same immaterial and irrelevant factual allegation. Plaintiff is very much alive, thus proceeding with this allegation will result in unnecessary forays into immaterial matters.

### VI.   Paragraphs 20-21

The allegations in these paragraphs pertain to mental health treatment received by inmates in DOC. Plaintiff does not bring claims against DOC mental health professionals in his complaint, nor does he allege that the Defendants failed to provide requested mental health treatment. Paragraph 21 claims that the medical and mental health professionals "show tremendous deference to abusive prison guards and turn a blind eye to their abuses – sometimes even join in them." This is an extremely inflammatory allegation that has little to do with the instant case, considering that none of the named defendants are mental health professionals and the allegations do not pertain to mental health treatment.

## MEMORANDUM OF LAW

Fed. R. Civ. P. 12(f) allows the court to strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Liberty Media Holdings, LLC v. Wintice Group, Inc.*, Case. No. 6:10-cv44, 2010 U.S. Dist. LEXIS 58683, *3 (M.D. Fla. June 14, 2010). A motion to strike may be granted "if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

In this case, the immaterial and impertinent allegations in paragraphs cited above have absolutely no relation to the facts and parties in this case and serve only to confuse the issues, inflame, and prejudice the trier of fact against the Defendants. They do not have relationship to the controversy of the December 7, 2018 use of force against Plaintiff.

WHEREFORE**,** Defendant requests that the Court strike Plaintiff's redundant, immaterial, impertinent, and scandalous statements from the record.

Respectfully submitted,

/s/ *Liane LaBouef*
Liane S. LaBouef
Florida Bar No. 1025198
Howell, Buchan & Strong
2898-6 Mahan Drive

7

Tallahassee, Florida 32308  
Telephone: (850) 877-7776  
Email: Liane@jsh-pa.com  
*Attorney for Defendants ATTEBERRY, LOLA, and WILLIAMS*

## Certification of Compliance with Local Rule 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for Defendants conferred with counsel for the Plaintiff via electronic mail. Counsel for the Plaintiff opposes this motion.

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was served electronically via the court e-filing system on March 13, 2023.

/s/ *Liane LaBouef*  
Liane LaBouef