UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

    Plaintiff,

v.                                    Case 3:22-CV-1349-BJD-LL

COLIN WILLIAMS, ROBERT BROWN,
STEVEN LOLA, ROBERT ATTEBERRY,
ROSEANNA SINGLETARY,
KATHERINE BURGIN, individually,

    Defendants,
_____/

## DEFENDANT LOLA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COPMPLAINT

Defendant STEVEN LOLA, by and through undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

### Jurisdiction and Venue

1. Admitted solely for purposes of jurisdiction; otherwise denied.

2. Admitted that the Middle District of Florida is one possible proper venue for this action.

3. Admitted solely for purposes of jurisdiction; otherwise denied.

4. Denied.

### Parties

1

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Admitted.

## Common Allegations of Fact

**A. Culture of Violence at Florida State Prison**

13. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

14. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

15. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

16. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

17. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

18. Admitted that Plaintiff was an inmate at FSP in 2018 and has a "long history" of filing grievances and legal actions. Otherwise denied.

19. Admitted that Plaintiff has filed numerous grievances and legal actions regarding Florida Department of Corrections officers. Otherwise denied.

20. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

21. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

**B. Assault against Plaintiff on December 7, 2018**

22. Without knowledge as to how long Plaintiff was in a holding cell awaiting transfer, therefore denied as to him being held "all morning and evening." Otherwise admitted.

23. Denied.

24. Denied.

25. Without knowledge, therefore denied.

26. Admitted that Defendants LOLA, WILLIAMS, and BROWN entered Plaintiff's cell at some point in time on December 7, 2018. Admitted that Plaintiff was ordered to comply with a strip search and ordered to change uniforms at some point in time on December 7, 2018. Admitted that Defendants LOLA, WILLIAMS, and BROWN used lawful force on Plaintiff on December 7, 2018, including placing Plaintiff on the ground. Otherwise denied.

27. Denied.

28. Admitted that Plaintiff was lawfully handcuffed on December 7, 2018. Otherwise denied.

29. Denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied.

32. Without knowledge, therefore denied.

33. Admitted that there were Disciplinary Reports filed against Plaintiff regarding the incident on December 7, 2018. Otherwise denied.

34. Denied.

35. Admitted that inmates are typically transported wearing uniforms and with a black box and waist chain. Otherwise denied.

36. Denied.

37. Denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41. Denied.

## Causes of Action

### I. Violation of 42 U.S.C. § 1983 for First Amendment Retaliation

Defendant realleges his responses to the Common Allegations of Fact as stated above.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

To the extent that a response is required to the paragraph beginning in WHEREFORE, denied.

### II. Violation of 42 U.S.C. § 1983 for Excessive Force

Defendant realleges his responses to the Common Allegations of Fact as stated above.

46. Denied.

47. Denied.

48. Denied.

To the extent that a response is required to the paragraph beginning in WHEREFORE, denied.

### III. Violation of 42 U.S.C. § 1983 for Supervisor Liability

Defendant realleges his responses to the Common Allegations of Fact as stated above.

49. Denied.

50. Denied.

51. Denied.

To the extent that a response is required to the paragraph beginning in WHEREFORE, denied.

### IV. Violation of 42 U.S.C. § 1983 for Failure to Intervene

Defendant realleges his responses to the Common Allegations of Fact as stated above.

52. Denied.

53. Denied.

54. Denied.

To the extent that a response is required to the paragraph beginning in WHEREFORE, denied.

## V. Violation of 42 U.S.C. § 1983 for Failure to Protect

Defendant realleges his responses to the Common Allegations of Fact as stated above.

55. Denied.

56. Denied.

57. Denied.

To the extent that a response is required to the paragraph beginning in WHEREFORE, denied.

## VI. Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983

Defendant realleges his responses to the Common Allegations of Fact as stated above.

58. Denied.

59. Denied.

60. Denied.

To the extent that a response is required to the paragraph beginning in WHEREFORE, denied.

## VII. Abuse or Neglect of a Vulnerable Adult § 415.1111, Fla. Stat. (Lola, Williams, and Brown)

Defendant realleges his responses to the Common Allegations of Fact as stated above.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

To the extent that a response is required to the paragraph beginning in WHEREFORE, denied.

## **Prayer for Relief**

To the extent that a response is required to the Prayer for Relief, denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint and every cause of action therein has failed to state a claim upon which relief may be granted.

2. Plaintiff's Complaint, as filed, contains mere statements of opinion and conclusions, unsupported by specific facts and as such the Complaint fails to state a cause of action for which relief can be granted.

3. Plaintiff has failed to mitigate and lessen damages, if any he sustained, as required by law, and is barred from recovery by reason thereof against Defendant.

4. If the Plaintiff has mitigated his own alleged damages, the Defendant is entitled to an offset for this amount.

5. Any judgment for the Plaintiffs against the Defendants is limited pursuant to Chapter 768, Florida Statutes.

6. Defendants cannot be held to be a part of a conspiracy or co-conspiracies as they were employees acting within the scope of their employment with Defendant, Florida Department of Corrections, and therefore cannot be found to be conspirators under the intra-corporate doctrine as all actions were taken on behalf of the same entity or corporate form.

7. To the extent Defendants were acting within the scope of their employment with the Florida Department of Corrections, Defendants are entitled to qualified immunity.

8. People or entities other than Defendant may have caused or contributed to the damages Plaintiff claims to have suffered, therefore any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

9. To the extent that Plaintiff suffered injury as a result of the actions from some third party and/or conditions not under the control of Defendant, Plaintiff is barred from recovery, in whole or in part, against Defendant with respect to such injuries.

10. To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

11. Plaintiff is an inmate currently in the custody of the Florida Department of Corrections and has failed to exhaust the administrative remedies available to him prior to initiating the present lawsuit, which requires dismissal pursuant to the Prison Litigation Reform Act, 42, U.S.C. § 1997e(a).

12. Because the Complaint only alleges conclusions of fact and law, the answering Defendant cannot fully anticipate all affirmative defenses and reserves the right to add to or amend these affirmative defenses as discovery proceeds or additional pleadings are filed.

WHEREFORE, Defendants demand judgment in their favor and against the Plaintiffs, plus costs and reasonable attorney fees, and any further relief this Court deems proper.

Respectfully submitted,

*/s/ Liane S. LaBouef*
Liane S. LaBouef, Esq.
Florida Bar No. 1025198
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
liane@jsh-pa.com
*Attorney for Defendants LOLA,*
*WILLIAMS, and ATTEBERRY*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served to counsel's email of record this 13th day of March, 2023.

*/s/ Liane S. LaBouef*
Liane S. LaBouef, Esq.
