UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

      Plaintiff,

v.                                        Case No. 3:22-cv-1349-BJD-LLL

COLIN WILLIAMS, et al.,

      Defendants.
_____

## **ORDER**

### I.    Background

Plaintiff, Genard Denez Chestnut, is a state inmate proceeding through counsel on a complaint for damages (Doc. 1) filed on December 7, 2022. His claims arise out of conduct that occurred at Florida State Prison (FSP) in 2018. Before the Court is the parties' joint motion to transfer this case to United States District Judge Marcia Morales Howard under Local Rule 1.07(a)(2)(B) (Docs. 19, 25). As grounds for the request, the parties assert they intend to seek to consolidate this case with another case Plaintiff has pending before Judge Howard that involves some of the same Defendants and similar facts. *See* Doc. 19 at 1 (referencing case number 3:22-cv-721-MMH-PDB, filed on June 28, 2022). The parties want to consolidate the actions "to streamline discovery and

trial and promote judicial economy," but before they file such a motion, they seek transfer. *Id.* at 1-2.

## II.   Complaint Allegations & Claims

In the first-filed case,[1] the one pending before Judge Howard, Plaintiff sues six corrections officers, including Lola and Atteberry (also named in the later-filed case). *See* Case 1 Compl. at 2. Plaintiff alleges Defendant Atteberry gave him empty food trays in April 2018 and threatened to teach him a lesson as retribution for "fucking with his brothers and snitching on officers." *Id.* at 5. He alleges that other officers, most of whom are not named Defendants, harassed him, threated him, sexually assaulted him, or "paid" another inmate to attempt to kill him in April 2018. *Id.* at 5-6. As to the attempted killing, Plaintiff alleges another inmate stabbed him on April 30, 2018, and immediately after the stabbing, two officers (not Defendants) took him downstairs where they assaulted him and told him they were hoping the other inmate would have killed him. *Id.*

Plaintiff explains in more detail two "retaliatory" use-of-force incidents he alleges occurred in June and July. First, Plaintiff alleges Defendant Atteberry assaulted him on June 28, 2018, causing serious injuries. *Id.* at 7-8.

---

[1] The Court will cite the operative complaint in the first-filed case, case number 3:22-cv-721-MMH-PDB (Doc. 29), as "Case 1 Compl," and will cite the complaint in this, the later-filed case as "Case 2 Compl."

Next, he alleges other Defendants participated in a use of chemical agents on him on July 27, 2018, based on false disciplinary charges and without following the crisis intervention protocol required for inmates with mental illness. *Id.* at 9-10.

In the later-filed case, the one pending before the undersigned, Plaintiff sues four corrections officers, including Lola and Atteberry, and two nurses. *See* Case 2 Compl. at 2. He alleges three Defendants (Williams, Lola, and Brown) assaulted him on December 7, 2018, causing serious injuries, but the assault was covered up by officers and nurses who "minimally treated" him or falsified post-use-of-force examination records. *Id.* at 4-6. Plaintiff alleges the assault "was part of a pattern of abuse by a group of security officers who routinely indulge in brutal acts against prisoners at [FSP] in retaliation for expressions of protected speech, including grievances on abuse." *Id.* at 6. As one example, Plaintiff alleges, as he does in the first-filed case, that Defendant Atteberry repeatedly told him he would teach him a lesson for "fucking with his brothers and snitching on officers" and, on four days in April 2018, Atteberry placed empty trays in his food flap, threatening to starve him. *Id.* at 6-7.

In both cases, Plaintiff alleges the Florida Department of Corrections and FSP enable a culture of violence against inmates with mental illness and

3

"undermine the free speech and due process of many inmates, particularly Black inmates, who are threatened and physically harmed for complaining about officer misconduct." *Id.* at 2; Case 1 Compl. at 3. He also alleges the use of isolation "gives free rein to white supremacists and sadistic and predatory guards who torment prisoners through sexual humiliation, denial of food, false charges and fictitious excuses for uses of force, exposure to cold, to chemical agents, and 'strip cell'." *See* Case 1 Compl. at 4; Case 2 Compl. at 3. Plaintiff contends that during 2018, when housed at FSP, he "became the target of a group of officers who were notorious for brutality and racial animus." *See* Case 1 Compl. at 4-5; Case 2 Compl. at 3.

In both the first-filed and later-filed cases, Plaintiff asserts the same claims under 42 U.S.C. § 1983 and Florida state law: (1) retaliation under § 1983 (against Atteberry in the first-filed case and against Atteberry, Williams, Brown, and Lola in the later-filed case); (2) excessive force under § 1983 (against Atteberry and Aikin in the first-filed case and against Brown, Williams, and Lola in the later-filed case); (3) supervisor liability under § 1983[2]

---

[2] Under § 1983, a claim against a supervisor must be premised on something more than a theory of respondeat superior or vicarious liability. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). *See also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat

4

(against Philbert and Lola in the first-filed case and against Lola in the later-filed case); (4) failure to intervene under § 1983 (against Lola, Langkau, and Fowler in the first-filed case and against Williams, Brown, and Lola in the later-filed case); (5) failure to protect under § 1983 (against Lola, Langkau, and Fowler in the first-filed case and against Williams, Brown, and Lola in the later-filed case); (6) conspiracy to violate Plaintiff's constitutional rights under § 1983 (against all named Defendants in each case); and abuse or neglect of a vulnerable adult in violation of Florida Statutes section 415.1111 (against all named Defendants in the first-filed case and against Williams, Brown, and Lola in the later-filed case). *See* Case 1 Compl. at 10-16; Case 2 Compl. at 7-12.

### III. Analysis

Rule 1.07(a)(2)(B) provides, "If actions before different judges present the probability of inefficiency or inconsistency, a party may move to transfer a later-filed action to the judge assigned to the first-filed action," so long as the judge assigned to the first-filed action consents. Under the Federal Rules of

---

superior."). It appears Plaintiff is proceeding on a theory of "deliberate indifference" against Defendants with supervisory authority over others.

5

Civil Procedure, a court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a).[3]

In their joint motion, the parties do not offer a sound legal or factual basis for the relief they seek. *See generally* Doc. 19. Indeed, the two cases upon which they primarily rely are inapposite given they both dealt with a request for intra-district transfer—requests that were denied. *See Grant v. Centerstate Bank*, No. 8:20-cv-1920-MSS-AAS, 2021 WL 9594008, at *2 (M.D. Fla. Feb. 19, 2021) (denying a motion for intra-district transfer because, "although the cases share[d] a common [d]efendant, the issues in the two cases [did] not overlap to the point of creating the probability of inefficiency or inconsistency"); *Daniels v. Gov't Emps. Ins. Co.*, No. 8:19-cv-2612-T-35SPF, 2020 WL 6599420, at *2 (M.D. Fla. Jan. 15, 2020) (denying a motion for intra-district transfer).

The parties do not explain how Plaintiff's separate actions based on discrete use-of-force incidents involving mostly different corrections officers "present the probability of inefficiency or inconsistency" if they remain before different district judges of this court. *See generally* Doc. 19. There are some common questions of law or fact, to be sure, given the commonality of the plaintiff, two defendants, and some general allegations, i.e., that FSP enables

---

[3] The parties do not seek consolidation through their motion, but the rule on consolidation provides some guidance in ruling on the motion to transfer.

6

a culture of violence against a certain subset of inmates who frequently write grievances or file complaints.[4] *See* Case 1 Compl. at 3-5; Case 2 Compl. at 2-3. But the claims in each case arise out of discrete use-of-force incidents involving mostly different officers and occurring at different times. At this early stage of the proceedings, Plaintiff's general allegation of a culture of violence against some inmates at FSP does not convince the Court that this case should be transferred to Judge Howard for potential consolidation, especially given Plaintiff chose to pursue his claims separately by initiating separate actions.

Accordingly, the Court **denies** the motion to transfer (Doc. 19).

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of April 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Counsel of Record

---

[4] Notably, Defendants Williams, Lola, and Atteberry have moved to strike the paragraphs of the complaint that reference a culture of violence, contending those allegations do not reference Plaintiff or any of the named Defendants (Doc. 12).

7