**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

Gernard Denez Chestnut

    Plaintiff,

v.                                                                       **CASE NO.:** 3:22-cv-1349-BJD-LLL

Colin Williams, etc., et al.

    Defendants.
_____/

**DEFENDANT, KATHERINE BURGIN, R.N.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Katherine Burgin, R.N., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files her Motion to Dismiss Plaintiff's Complaint (Dkt. 1).

Plaintiff failed to state a cause of action against Nurse Burgin for the conspiracy to violate civil rights under 42 U.S.C. § 1983. Plaintiff did not plead any particularized facts about the existence of the alleged conspiracy, and did not offer any facts suggesting that Nurse Burgin reached an agreement, or otherwise communicated about, a plan to deprive Plaintiff of his constitutional rights.

Plaintiff also failed to timely and properly exhaust his administrative remedies prior to filing suit.

Lastly, Nurse Burgin is also entitled to qualified immunity.

## Introduction, Plaintiff's Background, and Factual Allegations

A. <u>Plaintiff</u>

Plaintiff, Gernard D. Chestnut, is a prisoner presently incarcerated at the Union Correctional Institute. *See* FDOC's Offender Search page, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=130146&TypeSearch=AI (last visited April 7, 2023) (DC#130146). Plaintiff is no stranger to the federal and state courts, and has *repeatedly* violated the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). *See* **Exhibit "A."** On December 7, 2022, John C. Cooper, Circuit Judge of the Second Judicial Circuit, found that Plaintiff has "initiated fifteen cases" with the Second Judicial Circuit between 2019-2022, "abused the right of access to the courts," and declined Plaintiff's request to proceed *in forma pauperis*. *See* **Exhibit "B."**

B. <u>Allegations</u>

Plaintiff alleges that on December 7, 2018, he was at Florida State Prison ("FSP") in a holding cell awaiting transfer to Suwannee Correctional Institution. Dkt. at ¶ 22. Plaintiff alleges that co-defendant correctional officers -- Sgt. Colin Williams and Sgt. Robert Brown -- struck Plaintiff and made threatening statements to him. *Id.* at ¶ 24. Later that day, Plaintiff alleges that co-defendant Sgt. Robert Atteberry made threatening statements, and that co-defendants Capt. Lola, Sgt. Williams, and Sgt. Brown entered the holding cell area, threatened Plaintiff, and beat him to the point that Plaintiff lost control of his bowels, and was rendered

unconscious. *Id.* at ¶¶ 25-29. Plaintiff alleges that he was escorted to "medical to receive stiches over his eyes," and that he suffered from facial swelling, chipped teeth, head injuries, dizzy spells and blurred vision. *Id.* at ¶ 30.[1] Plaintiff alleges that he was "minimally treated" by co-defendant "LPN Roseanna Singletary, who failed to fully document the injuries suffered by Plaintiff" in the alleged attacks above. *Id.* at ¶ 31.

After being treated by Nurse Singletary, Plaintiff alleges he was transferred to Suwannee C.I., whereupon "*it was arranged* for another nurse at FSP, LPN Katherine Burgin, to document a wholly fictitious account of the post use of force examination as if she had done it herself, although she was not even present at the examination at Florida State Prison." *Id.* at ¶ 32 (emphasis added). Nurse Burgin has been sued in her individual capacity. *Id.* at ¶ 11.

Count VI is the only Count that involves Nurse Burgin. In Count VI, Plaintiff alleges that Nurse Burgin conspired to violate Plaintiff's civil rights under 42 U.S.C. § 1983 through unspecified "acts designed to achieve a personal goal and carry out a criminal purpose." *Id.* at ¶ 58.

As a result of "these defendants' unlawful acts," Plaintiff alleges that he has suffered emotional and physical injuries, and distress and pain. *Id.* at ¶ 59.

---

[1] Plaintiff further alleges that Sgt. Williams and Officer Brown later signed false discipline reports to cover-up the assault described in the Complaint.

-3-

In the Complaint, Plaintiff requested compensatory damages for physical injury and mental pain and suffering, punitive damages, and attorney's fees and costs under 42 U.S.C. § 1988 from Nurse Burgin. *Id.* at pg. 12 (A)-(E).

## MEMORANDUM OF LAW

### I.     Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff should allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Though detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. As such, a plaintiff may not rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Gill ex rel. K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In assessing the sufficiency of a complaint, all reasonable inferences should be drawn in favor of the plaintiff. *See Iqbal*, 556 U.S. at 678.

In resolving a motion to dismiss under Rule 12(b)(6), a court ordinarily considers only the allegations within the four corners of the complaint and documents attached thereto. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F. 3d 1276, 1284 (11th Cir. 2007) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F. 3d 1364, 1368 (11th Cir. 1997)). However, "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment . . . if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F. 3d 1125, 1134 (11th Cir. 2002) (citing *Harris v. Ivax Corp.*, 182 F. 3d 799, 802 n.2 (11th Cir. 1999)). The same applies to a document attached to a plaintiff's response to a motion to dismiss. *Sosa v. Hames*, 218 F. App'x 976, 978 n.3 (11th Cir. 2007) (citing *Horsley*, 304 F. 3d at 1134; *Watson v. Bally Mfg. Corp.*, 844 F. Supp. 1533, 1535 n.1 (S.D. Fla. 1993)).

## II.     Plaintiff Failed to Allege Any Specific Facts to Support a Conspiracy Involving Nurse Burgin

To establish a § 1983 conspiracy claim, "a plaintiff must prove the defendants 'reached an understanding' to violate the plaintiff's constitutional rights." *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010). "[T]he linchpin for conspiracy is agreement, which presupposes communication. . . ." *Bailey v. Bd. of Cty. Comm'rs*, 956 F.2d 1112, 1122 (11th Cir. 1992). *See also D'Amico v. Montoya*,

3:20-CV-920-BJD-PDB, 2022 WL 833654, at *1 (M.D. Fla. Mar. 21, 2022) (finding that inmate-plaintiff failed to offer any facts suggesting that prison healthcare providers reached an agreement to deprive plaintiff of his constitutional rights and granting motion to dismiss plaintiff's conspiracy claim).[2]

This is particularly important because the Eleventh Circuit recognizes that a "plaintiff claiming a conspiracy under § 1983 must make *particularized allegations* that a conspiracy exists." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 Fed. Appx. 136, 139 (11th Cir. 2011) (emphasis added).

There are no such particularized allegations regarding an agreement or communication in the Complaint.

Plaintiff offers no facts suggesting that Nurse Burgin (and others) reached an agreement to deprive Plaintiff of his civil rights. Plaintiff also failed to allege that Nurse Burgin communicated with any of the co-defendants in this case other than the exceedingly "conclusory, vague and general allegation" that "*it was arranged*" for Nurse Burgin to falsely document a post-use of force examination report. *Kearson*, 763 F. 2d at 407.

---

[2] *See also Fulwood v. Fed. Bureau of Prisons*, 568 Fed. Appx. 753, 757 (11th Cir. 2014) (citing *Bendiburg v. Dempsey*, 909 F. 2d 463, 468 (11th Cir. 1990)) (affirming district court's dismissal for failure to state a cause of action because prisoner's vague and conclusory allegations did not state a claim for conspiracy to violate his constitutional rights); *Kearson v. S. Bell Tel. & Tel. Co.*, 763 F. 2d 405, 407 (11th Cir. 1985) ("In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint.")

Likewise, Plaintiff failed to allege an actual agreement between the so-called conspirators, the existence of a single plan, that the alleged co-conspirators shared in the general conspiratorial objective, or than an overt act was committed in furtherance of the conspiracy. In fact, it not clear what role Nurse Burgin played in the alleged conspiracy other than the vague and conclusory claim that "it [the conspiracy] was arranged."

Put simply, Plaintiff has not alleged one fact to support the serious charge that Nurse Burgin conspired to cover-up an alleged attack by various co-defendant corrections officers at FSP before Plaintiff was transferred to another facility.

Rather, the facts alleged in the Complaint simply indicate that Nurse Singletary saw and assessed the patient at FSP after the alleged attack, and that Nurse Burgin was later involved with preparing a post-use-of-force report.

Accordingly, Nurse Burgin's Motion to Dismiss the conspiracy claim in Count VI should be granted.

### III. Plaintiff Failed to Timely and Properly Exhaust His Administrative Remedies Prior to Filing Suit

Plaintiff failed to timely and properly exhaust his administrative remedies regarding the allegations against Nurse Burgin.

While Plaintiff has filed 178 grievance appeals, 514 formal grievances, and 543 informal grievances since 2018, Plaintiff failed to timely or properly follow the grievance procedures after the alleged December 2018 incident in the Complaint.

-7-

**Exhibit "C,"** a summary printout of Plaintiff's grievance appeals, formal grievances, and informal grievances from 2018-2023.

The Prison Litigation Reform Act ("PLRA") requires that a plaintiff properly exhaust available administrative remedies before filing a § 1983 claim regarding prison conditions. *See* 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006) (prisoners must exhaust administrative remedies before challenging the conditions of confinement, and the PLRA demands "proper exhaustion").

Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." *Bryant v. Rich*, 530 F. 3d 1368, 1374 (11th Cir. 2008). *See also Jones v. Bock*, 549 U.S. 199, 211 (2007). While "the PLRA exhaustion requirement is not jurisdictional[,]" *Woodford*, 548 U.S. at 101, "[e]xhaustion is mandatory under the PLRA, and unexhausted claims cannot be brought in court." *Pavao v. Sims*, 679 F. App'x 819, 823 (11th Cir. 2017) (citing *Jones*, 549 U.S. at 211).

The PLRA also "requires ***proper*** exhaustion." *Woodford*, 548 U.S. at 90-91 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90.

In *Turner v. Burnside*, the Eleventh Circuit established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F. 3d 1077, 1082 (11th Cir. 2008). First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response, and if they conflict, takes the

plaintiff's version of the facts as true. *Id.* The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. *Id.*

Second, if the complaint is not subject to dismissal at the first step (where the plaintiff's allegations are assumed to be true), the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Id.* (citing *Bryant*, 530 F. 3d at 1373-74, 1376). Defendant bears the burden of proving that the plaintiff failed to exhaust his available administrative remedies. *Id.* (citing *Jones*, 549 U.S. at 216). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

State law "determines what steps are required to exhaust." *Dimanche v. Brown*, 783 F. 3d 1204, 1207 (11th Cir. 2015). Indeed, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 1211 (citing *Jones*, 549 U.S. at 218).

The Florida Department of Corrections ("FDOC") provides inmates with a three-step grievance process for exhausting administrative remedies that has been described by the Eleventh Circuit thusly:

> The grievance procedure applicable to Florida prisoners is set out in § 33-103 of the Florida Administrative Code. Section 33-103 contemplates a three-step sequential grievance procedure: (1) informal grievance; (2) formal grievance; and then (3) administrative appeal. *Dimanche*, 783 F.3d at 1211. Informal grievances are handled by the staff member responsible for the particular area of the problem at the institution; formal grievances are handled by the warden of the

> institution; and administrative appeals are handled by the Office of the Secretary of the FDOC. *See* Fla. Admin. Code. §§ 33-103.005–103.007. To exhaust these remedies, prisoners ordinarily must complete these steps in order and ***within the time limits set forth in § 33-103.011***, and must either receive a response or wait a certain period of time before proceeding to the next step. *See id.* § 33-103.011(4).

*Pavao*, 679 F. App'x at 824 (emphasis added).

Section 33-103.011(1)(a) of the Florida Administrative Code, entitled "Time Frames for Inmate Grievances," mandates that informal inmate grievances "[m]ust be received within 20 days of when the incident or action being grieved occurred." Fla. Admin. Code Ann. r. 33-103.011(1)(a). Likewise, 33-103.011(b) mandates that formal grievances "[m]ust be received no later than 15 calendar days from: 1. The date on which the informal grievance was responded to; or 2. The date on which the incident or action being grieved occurred if an informal grievance was not filed. . . ." Fla. Admin. Code Ann. r. 33-103.011(1)(b). To properly appeal a formal grievance denial, section 33-103.011 requires that the appeal to the Office of the Secretary "[m]ust be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate." Fla. Admin. Code Ann. r. 33-103.011(1)(c).

In the instant case, Plaintiff did not timely file an Informal Grievance at any point in December 2018 after the alleged December 7, 2018 attack and cover-up, and therefore missed his 20-day window for doing so. *See* **Exhibit C**, pg. 42 of 70.

Similarly, Plaintiff did not file a Formal Grievance in December 2018, and therefore missed his 15-day window for doing so. *Id.* at pg. 13 of 70.

Rather, Plaintiff's first Formal Grievance in 2019 was filed on January 30, 2019, again well outside the time-frames established by the Florida Administrative Code. *Id.*

Likewise, the only appeal on record that Plaintiff filed in December 2018 was received on December 20, 2018; that appeal, however, was administratively "returned" due to Plaintiff's administrative non-compliance on December 28, 2018. *Id.* Assuming that Plaintiff did timely file an Informal or Formal Grievance -- and there is no evidence that he did -- Plaintiff failed to properly appeal any such grievance as evidenced by the fact that his only December 2018 appeal was returned for administrative non-compliance.

Because Plaintiff failed to timely and properly exhaust his administrative remedies prior to filing suit, his Complaint should be dismissed.

### IV.   Nurse Burgin Is Entitled to Qualified Immunity

An individual sued in her individual capacity "is entitled to qualified immunity for [her] discretionary actions unless [s]he violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Black v. Wigington*, 811 F.3d 1259, 1266 (11th Cir. 2016) (quoting *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009)). Qualified immunity allows government employees to exercise their official duties without fear of facing personal

liability. *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018). The doctrine protects all but the plainly incompetent or those who knowingly violate an inmate's constitutional rights. *Id.* In other words, "[q]ualified immunity shields an officer from suit when [he] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances [he] confronted." *Taylor v. Riojas*, 141 S. Ct. 52, 53 (2020) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)).

Upon invoking qualified immunity, a defendant bears the initial burden to demonstrate she was acting within her discretionary authority at the relevant times. *Id.*

Here Nurse Burgin carries her burden. Plaintiff sues Nurse Burgin for acts or omissions that occurred while she acted in her role as a corrections nurse. As such, the burden shifts to Plaintiff, who must point to facts that, accepted as true, demonstrate Defendant violated a constitutional right that was "clearly established" at the time of the alleged violation. *Id.* As set forth above, Plaintiff has failed to state a plausible 1983 conspiracy claim against Nurse Burgin. The only allegation here is that Nurse Burgin purportedly prepared a deficient post-use of force report. Therefore, Nurse Burgin is entitled to qualified immunity as to Plaintiff's ill-plead conspiracy claim.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

I certify that this Motion to Dismiss complies with the twenty-five page limit and formatting requirements in Local Rule 3.01.

**WHEREFORE**, Defendant, Katherine Burgin, RN, requests that this Court enter an Order Dismissing Plaintiff's Complaint for failure to state a cause of action for all of the reasons set forth above.

## CERTIFICATE OF SERVICE – CM/ECF

**I HEREBY CERTIFY** that on April 20, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a Notice of Electronic filing to counsel of record.

/s/ David W. Hughes
Ethen R. Shapiro (FBN 669881)
David W. Hughes (FBN 91482)
Hill Ward Henderson
P.O. Box 2231
Tampa, FL 33601-2231
(813)221-3900
(813)221-2900 - facsimile
Ethen.shapiro@hwhlaw.com
David.hughes@hwhlaw.com
*Attorney for Defendant Katherine Burgin, RN*