UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

    Plaintiff,

v.

COLIN WILLIAMS, *et al.*

    Defendants.

Case No. 3:22-cv-1349-BJD-LLL

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SINGLETARY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

    Without conferral under Local Rule 3.01(g), Defendant Roseanna Singletary, like Defendant Katherine Burgin (ECF No. 28), has moved to dismiss Plaintiff's civil rights complaint against her. (ECF No. 35). While the similarly situated Burgin raised three issues, Singletary only raises two, essentially conceding that Burgin's invocation of qualified immunity is not available due to her status as an employee of a private contractor. First, Singletary claims that Plaintiff has not stated a claim for conspiracy, and second, she claims that Plaintiff has not exhausted his administrative remedies. Unlike Burgin, Singletary does not argue that Plaintiff's direct grievance is insufficient per se, but rather that it fails because it did not specifically name her. Those arguments should be rejected.

## MEMORANDUM OF LAW[1]

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," but "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Instead, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (quotation omitted), which can allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Waldman v. Comm'r*, 871 F.3d 1283, 1289 (11th Cir. 2017). This "is not akin to a 'probability requirement'"—the plaintiff must merely allege "'enough fact to raise a reasonable expectation that the discovery will reveal evidence' of the claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). The facts must allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Waldman*, 871 F.3d at 1289. The Eleventh Circuit thus applies a "two-pronged approach" in evaluating motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where

---

[1] Because the facts are already set forth in Plaintiff's response to Burgin's motion (ECF No. 29), Plaintiff incorporates his previous recitation of the relevant facts.

2

there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,679(2009)). This approach applies to all Rule 8(a) pleadings—no heightened pleading standard exists for civil rights or municipal liability claims. See *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993).

For the reasons stated below, the Court should deny Singletary's motion.

## I.      Plaintiff Has Plausibly Stated a Claim for Conspiracy.

Plaintiff alleges that Singletary first treated him and did not document the injuries inflicted upon him. Compl. ¶ 31. Despite Plaintiff's obvious injuries caused by correctional officers, which Singletary would have been aware of, Singletary did not document injuries that would have helped substantiate Plaintiff's claim. Instead, it was arranged that Defendant Burgin would create fictitious documents to fabricate the medical review that Singletary was supposed to have performed. *Id.* ¶ 32. This action can justify an inference that the purpose of Singletary's inaction in documenting Plaintiff's injuries was to protect the officers who used force in coordination with those officers.

Singletary is correct in suggesting that vague or conclusory allegations may be the basis to dismiss a conspiracy allegation. (ECF No. 35, PageID 270–71). That said, often a conspiracy must be inferred in the absence of obvious admission or explicit evidence. In *Grider v. City of Auburn*, for example, the Eleventh Circuit stated that "[f]actual proof of the existence of a § 1983 conspiracy may be based on circumstantial evidence." 618 F.3d 1240, 1260 (11th Cir. 2010) (citing *Burrell v. Bd. of Trs. of Ga, Military Coll.*, 970 F.2d 785, 789 (11th Cir. 1992); *United States v. Prince*, 883 F.2d 953, 957 (11th Cir. 1989) (knowing participation in a conspiracy can be inferred from circumstantial evidence). The court in *Kearson v. S. Bell Tel. & Tel. Co.*, on which Singletary relies, provides little detail about the factual allegations in that case other than to say the allegations were too conclusory to sustain a section 1985 action. 763 F.2d 405, 407 (11th Cir. 1985). This Court, in *D'Amico v. Montoya*, 3:20-CV-920-BJD-PDB, 2022 WL 833654 (M.D. Fla. Mar. 21, 2022) (Davis, J.), which Singletary also cites, granted a motion to dismiss a conspiracy claim because the complaint offered no facts that the defendants communicated "or had opportunities to communicate with each other." *Id.* at *6. Here, Burgin and Singletary worked in the same medical department at Florida State Prison—a fact that shows their opportunities to communicate with one another, which is enough to plead a conspiracy claim. Beyond the ability to communicate, here communication and agreement can

4

be inferred first from Singletary failing to do her constitutionally and contractually required job as a nurse, which she eschewed to protect the officers who attacked Plaintiff, and later Burgin's efforts to continue the cover-up by falsifying documents. *See United States v. Vera*, 701 F.2d 1349, 1357 (11th Cir. 1983). For purposes of this stage, Plaintiff has sufficiently alleged that Singletary participated in a conspiracy to cover up the brutal attack on Plaintiff. To the extent the Court disagrees, Plaintiff should be permitted leave to amend.

## II. Plaintiff Exhausted His Administrative Remedies.

Next, unlike Burgin who argued that Plaintiff's grievances were not satisfactory on their face,[2] here Singletary only argues that Plaintiff has not exhausted his administrative remedies because he failed to specifically mention the medical defendants in his direct grievance. (ECF No. 35 PageID 275).[3] Singletary bears the burden of contradicting Plaintiff's allegation that he has satisfied the exhaustion requirements. *Turner v. Burnside*, 541 F. 3d 1077, 1082 (11th Cir. 2008).

---

[2] To the extent the Court construes Singletary's arguments to challenge exhaustion otherwise, Plaintiff incorporates his arguments in response to Burgin's motion to dismiss for the proposition that his direct grievance satisfies the exhaustion requirements under the PLRA. (ECF No. 29 PageID 233–36).

[3] It should be noted that the medical defendants have not appended the actual grievance at issue to their motions and primarily rely on an extract. In his response to Burgin's motion to dismiss, Plaintiff filed the actual grievance at issue, which Singletary now relies on. (*Id.* citing ECF No. 29-1).

5

The failure to mention the medical defendants in the direct grievance is not fatal to Plaintiff's claim.  The subject grievance, which is now part of the record (ECF No. 29-1), speaks to the claims at issue in this lawsuit, specifically the violence Plaintiff encountered on December 7, 2018. As Plaintiff noted in response to Burgin's motion, the Eleventh Circuit has not expressed or opined on a requirement to specifically identify legal theories or parties. *Maldonado v. Unnamed Defendant*, 648 F. App'x 939, 26–27 (11th Cir. 2016) ("We have not addressed whether, to exhaust administrative remedies for purposes of the PLRA, an inmate's administrative grievance must have alleged the specific legal theory he later pursues in a § 1983 action."). Singletary has not offered and cannot offer any legal authority or support to contradict that proposition, and the motion should be denied on that basis alone. And as Plaintiff has already noted in response to Burgin's motion, the exhaustion requirement "is satisfied as long as the inmate's grievance provides sufficient detail to allow prison officials to investigate the alleged incident." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 219, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). When a prison's grievance procedure is silent about the level of factual specificity required, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Harvard v. Inch*, 411 F. Supp. 3d 1220, 1244 (N.D. Fla. 2019). (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). "As in a pleading system, the grievant

need not lay out facts, articulable legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Id.* (quoting *Strong*, 297 F.3d at 650); *see also Johnson v. Testman*, 380 F.3d 691, 697 (2d. Cir. 2004) ("Uncounseled inmates navigating prison administrative procedures without assistance cannot be expected to satisfy a standard more stringent than that of notice pleading."). Accordingly, the Court should deny Singletary's motion because Plaintiff fully exhausted his administrative remedies before filing suit.

## CONCLUSION

For all these reasons, Plaintiff Genard Chestnut requests that the Court deny Defendant Roseanna Singletary's motion to dismiss his complaint.

Dated: June 7, 2023.                              Respectfully submitted,

*/s/ James V. Cook*
James V. Cook (FBN 0966843)
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
Fax (850) 561-0836
cookjv@gmail.com

-and-

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street

>Tallahassee, Florida 32302
>Tel. (305) 523-9023
>james@slater.legal
>
>*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on June 7, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

>By: */s/ James M. Slater*
>James M. Slater